IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**KIMBERLY HARPER,** *et al.*                                                           **PLAINTIFFS**

**v.**                                                 **CIVIL ACTION NO. 2:18-CV-31-KS-MTP**

**SOUTHERN PINE ELECTRIC COOPERATIVE**                                     **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

For the reasons provided below, the Court **denies** Plaintiffs' Motion for Reconsideration [75].

### I. BACKGROUND

Both this Court and the Court of Appeals have discussed the background of this case. *See, e.g. Butler v. Coast Elec. Power Ass'n*, 926 F.3d 190, 192 (5th Cir. 2019); *Harper v. S. Pine Elec. Coop.*, 2018 WL 8838859, at *1 (S.D. Miss. Apr. 27, 2018). Defendant filed a Motion to Dismiss [66] Plaintiffs' Fourth Amended Complaint, asserting several arguments. On February 12, 2020, the Court granted Defendant's motion and dismissed this case with prejudice.

First, the Court addressed the parties' dispute over which version of the applicable statute, MISS. CODE ANN. § 77-5-235, applies to this case. Plaintiffs argued that the Court should apply the former version of the statute, while Defendant argued that the Court should apply the current version. The Court observed that "every right or remedy created solely by [a] repealed or modified statute disappears or falls with the repealed or modified statute, unless carried to final judgment before the repeal or

modification, save that no such repeal or modification shall be permitted to impair the obligation of a contract or to abrogate a vested right." *Cellular South, Inc. v. BellSouth Telecomms., LLC*, 214 So. 3d 208, 214 (Miss. 2017). Therefore, the current version of the statute applies unless it would abrogate a vested right.

The Court found that the former version of the statute did not grant power cooperative members a vested, present possessory right in patronage capital because the legislature granted power cooperatives the discretion to retain capital reserves for improvements and other contingencies "as the board may from time to time prescribe," after they meet their operating expenses and other obligations. MISS. CODE ANN. § 77-5-235 (1936). The statute then directed cooperatives to return capital not needed for these purposes to the members, by rate reductions or reimbursement of membership fees. *Id.* The Court emphasized that the legislature left these decisions – whether and how much reserves were needed, and how to return unneeded funds to members – to the power cooperatives' boards of directors. MISS. CODE ANN. 77-5-223 (1936). Therefore, the statute did not create a "complete, consummated right" without contingency or condition, *Estate of Greer v. Ball*, 218 So. 3d 1136, 1140 (Miss. 2017), and the current version of the statute applies.

The current statute provides power cooperatives' boards the same discretion to retain capital reserves for improvements and other contingencies "as the board may from time to time prescribe," after it meets its operating expenses and other obligations. MISS. CODE ANN. § 77-5-235(5) (2016). It also gives power cooperatives

complete discretion to determine how the funds are returned to members. *Id.* The cooperatives' boards of directors have the authority to make these decisions. MISS. CODE ANN. § 77-5-223 (2016).

The Court concluded that both versions of the statute granted power cooperative boards the discretion to retain capital reserves for improvements and other contingencies, and neither version grants members an unconditional, absolute right to the return of patronage capital. Accordingly, Plaintiffs' claims failed because they were premised upon an incorrect interpretation of the applicable law. Plaintiffs filed a Motion for Reconsideration [75], which the Court now addresses.

## II. STANDARD OF REVIEW

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion . . . under Rule 59(e) or . . . under Rule 60(b). The rule under which the motion is considered is based on when the motion is filed. If the motion is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). Plaintiffs' Motion for Reconsideration [75] was filed within twenty-eight days of the Court's Memorandum Opinion and Order [74] granting Defendant's Motion to Dismiss [66], and Rule 59(e) applies.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for

altering a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C. v. Tunica County*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F. App'x 359, 364 (5th Cir. 2009). It is "an extraordinary remedy that should be used sparingly." *Id.* Before filing a Rule 59(e) motion, a party "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement" with the Court. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

### III. DISCUSSION

First, the Court notes that all Plaintiff's arguments could have been offered before the Court entered its previous opinion. Therefore, they are not appropriate grounds for relief under Rule 59(e). *Templet*, 367 F.3d at 478. Regardless, the Court will address the three arguments presented in Plaintiffs' initial brief. *See Wallace v. County of Comal*, 400 F.3d 284, 292 (5th Cir. 2005) (the Court does not address arguments raised for the first time in reply).

Plaintiffs argue that the Court erred because *Carranza-De Salinas v. Holder*, 700 F.3d 768 (5th Cir. 2012), prohibits the retroactive application of an amended

4

statute. *Carranza-De Salinas* is inapplicable here because it addressed a question of federal law, rather than Mississippi law. The statutory right which Plaintiffs seek to enforce and the remedies they demanded are creatures of Mississippi law, and, therefore, Mississippi law determines the retroactivity of the statute in question. *Cf. Johnson v. Sw. Reg'l Med. Ctr.*, 878 F.2d 856, 859 (5th Cir. 1989).

Regardless, *Carranza-De Salinas* provides: "To determine when a law may not apply retroactively, we look to whether such application would take away or impair vested rights acquired under existing laws, or create a new obligation, impose a new duty, or attach a new disability, in respect to transactions or considerations already past." *Carranza-De Salinas*, 700 F.3d at 772. The Court concluded that application of the current version of the subject statute will not impair any vested right because the previous version did not grant Plaintiffs any vested right to the funds at issue.

Next, Plaintiffs argue that the Court conflated general revenues with "excess earnings." Plaintiffs contend that "excess earnings" is an "entirely distinct category of funds" that only exists after Defendant has met its obligations and set aside reserves, and that Defendant must return such funds to its members. What Plaintiffs are not acknowledging, however, is that the very existence of such "[r]evenues and receipts not needed for these purposes" is up to the cooperative. MISS. CODE ANN. § 77-5-235(5). The cooperative's board has complete discretion to decide how much "reserves for improvement, new construction, depreciation, and contingencies" are needed and, therefore, how much "[r]evenues and receipts [are] not needed for these

5

purposes . . . ." *Id.* And, as the Court explains below, Plaintiffs did not allege that Defendant's Board retained funds that it had decided were unnecessary for operating and maintenance expenses, debt obligations, and working reserves. Rather, Plaintiffs alleged that Defendant's decisions on these issues were unreasonable.

Plaintiffs also argue that the Court erred by not accepting the allegations of the Fourth Amended Complaint as true. Specifically, Plaintiffs argue that the Court did not accept as true their allegation that Defendant retained funds that were not devoted to operating and maintenance expenses, debt obligations, or "specific working reserves." Plaintiffs' Memorandum in Support of Motion for Reconsideration at 7, *Harper v. S. Pine Elec. Coop.*, No. 2:18-CV-31-KS-MTP (S.D. Miss. Feb. 21, 2020), ECF No. 76. But that is not what Plaintiffs alleged.

Plaintiffs asserted that Defendant was not permitted to "retain revenues or receipts that are not *reasonably necessary* for operating and maintenance expenses, related debt obligations, and/or *reasonable* working reserves." Fourth Amended Complaint at 2, *Harper v. S. Pine Elec. Coop.*, No. 2:18-CV-31-KS-MTP (S.D. Miss. Aug. 12, 2019), ECF No. 65 (emphasis added). They alleged that Defendant had retained funds exceeding "what is *reasonably necessary* to maintain *reasonable* working reserves . . . ," *id.* at 4 (emphasis added), and they asserted that no reserves above the 30% federal regulatory threshold were reasonably necessary. *Id.* at 7. In other words, Plaintiffs do not contend that Defendant's Board retained funds that it had decided were unnecessary for operating and maintenance expenses, debt

obligations, and working reserves. Rather, Plaintiffs contend that Defendant's decisions were unreasonable – decisions that, as the Court has already noted, the legislature placed solely in the hands of the cooperative's board. MISS. CODE ANN. § 77-5-223.

## IV. CONCLUSION

For these reasons, the Court **denies** Plaintiffs' Motion for Reconsideration [75] of the Court's previous opinion.

SO ORDERED AND ADJUDGED this 4th day of May, 2020.

                                    /s/     Keith Starrett
                                            KEITH STARRETT
                              UNITED STATES DISTRICT JUDGE